# EXHIBIT 5

**5CASE NO. 21-CI-000138**

**JEFFERSON CIRCUIT COURT**
**DIVISION TWO**
**JUDGE ANNIE O'CONNELL**

**DEBORAH OLDSON** **PLAINTIFF**

**V.**

**EXTENDED STAY AMERICA, INC., et al.** **DEFENDANTS**

**DEFENDANTS EXTENDED STAY AMERICA, INC., BRE/HOMESTEAD PORTFOLIO, LLC, ESH/HOMESTEAD PORTFOLIO, LLC, AND ESA P PORTFOLIO, LLC'S FIRST SET OF REQUESTS FOR ADMISSION, INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF**

*** *** ***

Defendants Extended Stay America, Inc., BRE/Homestead Portfolio, LLC, ESH/Homestead Portfolio, LLC, and ESA P Portfolio, LLC, ("Defendants") pursuant to Rules 33, 34 and 36 of the Kentucky Rules of Civil Procedure, submit the following Requests for Admission, Interrogatories, and Requests for Production of Documents to the Plaintiff, Deborah Oldson, to be answered separately and fully, in writing and under oath, within thirty (30) days as of the date of service.

**INSTRUCTIONS FOR ANSWERING:**

1. All information is to be divulged which is in your possession or control or within the possession and control of your attorney or representatives.

2. Where the phrase "incident" is used, it refers to the incident which is the subject matter of Paragraph 7 of the Complaint, unless otherwise specified.

3. Where an interrogatory calls for an answer in more than one part, each part should be separated in the answer so the answer is clearly understandable.

4. You are reminded all answers must be made separately and fully and an incomplete or evasive answer is a failure to answer.

5. You are reminded of the mandate in Ky. CR. 33.01(1) to furnish such information as is available to the party.

6. You are reminded of the mandate in Ky. CR 26.02(1) that it is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

7. You are under a continuing duty to seasonably supplement your responses with respect to any question directly addressed to the identity and location of persons having knowledge of discoverable matters, the identity of any person expected to be called as an expert witness at trial, and the subject matter on which he or she is expected to testify and to correct any response which you know or later learn is incorrect.

8. You are reminded of the mandates of Ky. CR 36.01(2) including but not limited to the requirements that (1) all denials to requests for admission shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify her answer or deny only a part of the matter of which an admission is requested, she shall specify so much of it as true and qualify or deny the remainder; and (2) an answering party may not give lack of information nor knowledge as a reason for failure to admit or deny unless she states that she has made reasonable inquiry and that the information known or readily obtainable by her is insufficient to enable her to admit or deny.

## REQUEST FOR ADMISSIONS

1. Please admit you have used an internet-based social media or networking site to post about your claim, your injuries, and/or your damages.

**RESPONSE:**

2. Please admit that an internet-based social media or networking site has been utilized by one or more of your connections or "friends" to post about your claim, your injuries, and/or your damages.

**RESPONSE:**

3. Please admit you have used a text-messaging and/or instant messaging service to receive or transmit any information in any way related to your claim, your injuries and/or your damages.

**RESPONSE:**

4. Please admit the amounts sought as total damages herein exceed the sum of $75,000.00, exclusive of costs and interest.

**RESPONSE:**

**INTERROGATORIES**

1. Please state the current full name, address, social security number, and date of birth of the person(s) answering these Interrogatories, and, if applicable, any prior names (maiden, married, etc.) used by or by which the answerer(s) has been known.

**ANSWER:**

2. Please describe in detail how the incident described in the Complaint occurred.

**ANSWER:**

3. Please state the name, address, and telephone number of each witness to any part of the incident described in the Complaint and relationship of each such witness to you.

**ANSWER:**

4. What expert witness(es), including name, address, telephone number, specialty or field of expertise, and subject matter of expected testimony for each person identified, do you expect or intend to call at the time of trial?

**ANSWER:**

a. What are or will be the opinions of each expert listed, the bases of each opinion, and the facts or data underlying each opinion?

**ANSWER:**

5. What are the dates and verbatim contents of each statement you, your attorney, or anyone else acting on your behalf possesses or controls that any representatives of the Defendants made, either oral or written, before any person whomsoever, which relates to the incident described in the Complaint?

**ANSWER:**

6. What photographs, including number of photographs, date taken, and by whom taken, do you, your attorney, or anyone acting on your behalf, have of the scene or area of the incident, of you in your injured state, or of any other objects involved in the incident described in the Complaint?

**ANSWER:**

7. List all injuries you are claiming as a result of the incident identified in the Complaint, and state for each whether or not it is permanent.

**ANSWER:**

8. With regard to the injuries listed in Interrogatory No. 7 above, state whether you ever had any such injury or condition at any time before the incident described in the Complaint.

**ANSWER:**

9. What is the name, office address and specialty, if any, of each physician or practitioner of any healing art who has seen or treated you for any physical or mental complaint or condition which you claim to be related in any way to the incident which is described in the Complaint?

**ANSWER:**

10. What is the name and address of each hospital in which you have been seen, treated or admitted, whether as an inpatient or outpatient, for any complaint or condition which you claim to be related in any way to the incident which is described in the Complaint?

**ANSWER:**

11. What is the name, office address and specialty, if any, of each physician or practitioner of any healing art who has seen or treated you for any physical or mental complaint or condition whatsoever since the date of the incident described in the Complaint other than those physicians or practitioners identified in your answer to Interrogatory No. 9?

**ANSWER:**

12. What is the name and address of each hospital in which you have been seen, treated or admitted as a patient, whether as an inpatient or outpatient, for any reason whatsoever, since the date of the incident described in the Complaint, other than those hospitals identified in your answer to Interrogatory No. 10?

**ANSWER:**

13. What is the name, office address and specialty, if any, of each physician or practitioner of any healing art who has seen or treated you for any physical or mental complaint or condition whatsoever for the ten (10) years prior to the incident described in your Complaint?

**ANSWER:**

14. What is the name and address of each hospital in which you have been seen, treated or admitted as a patient, whether as an inpatient or outpatient for any reason whatsoever, for the ten (10) years prior to the incident described in the Complaint?

**ANSWER:**

15. Please state the amount claimed by you in this action for each separate element of unliquidated damages, including but not limited to:

a. Past medical expenses;

b. Future medical expenses;

c. Past pain and suffering;

d. Future pain and suffering;

e. Lost wages, and

f. Impairment of your ability to earn money in the future.

**ANSWER:**

a.

b.

c.

d.

e.

f.

**TOTAL: $___________________________________**

16. What payments, including but not limited to workers' compensation, social security, wages continuation, or health or accident insurance payments, have you received or might you receive, including date and amount or amounts paid or expected to be paid, as a result of the incident from any insurer, other company, person or governmental entity for any medical expense, hospital expense, replacement expense, or any other expense whatsoever?

**ANSWER:**

a For each payment listed, which ones are subject to rights of recoupment through subrogation, trust agreement, contract, lien, or otherwise, and separately?

**ANSWER:**

17. What claims, including type of claim, claim number, and medical or physical condition causing such claim, have you made at any time for any of the following: 1) health or accident benefits; 2) workers' compensation benefits; 3) unemployment compensation benefits; or 4) social security benefits?

**ANSWER:**

18. Please list and describe any incidents, falls, or accidents (car or otherwise), including date and injuries received, you have been involved in before and after the incident described in the Complaint.

**ANSWER:**

19. Please list and describe any other civil lawsuits, including court, case number, nature of the claims, and whether you were or are a plaintiff or defendant, before and after the incident described in the Complaint.

**ANSWER:**

20. Please list and describe any arrest and felony or any crime involving dishonesty or false statement for which you have been convicted in the last ten (10) years, including the date of each arrest/conviction and the basis for said arrest/conviction.

**ANSWER:**

21. Please state the names and addresses of all witnesses you intend to call at the trial of this matter along with a description of the subject matter of their expected testimony.

**ANSWER:**

22. Please list all documentary evidence and/or exhibits which you intend, contemplate, or expect entering into evidence, refreshing a witness's recollection, or being identified at the trial of this matter.

**ANSWER:**

23. Please identify each internet-based social networking site that you have used during the past five years (e.g. Ask.fm, Blogspot, BuzzFeed, CafeMom, Class mates, DeviantArt, Facebook, Flickr, Foursquare, Google +, Habbo, Instagram, LinkedIn, LiveJournal, Meet Me, Meetup, MyLife, MySpace, MyYearbook, Periscope, Pinterest, Quora, Reddit, Reunion, Snapchat, Tagged, Tumblr, Twitter, Vine, VK, Windows Live Spaces, YouTube, etc.). For each such site identified, please include the name and address of the service provider, the name and address of the account holder, your user name or avatar, the URL where the account was/is available, and the dates during which you used the account.

**ANSWER:**

24. Please identify each text messaging and/or instant messaging service (including, but not limited to, AT&T BlackBerry Messenger, C Spire Wireless, DTC Wireless, Facebook Messenger, Kik, MobileNation, QQ Mobile, Skype, SouthernLINC, Sprint, Telegram, T-Mobile, U.S. Cellular, Verizon, Viber, WeChat, Weibo, WhatsApp, YikYak, etc.) upon which you received or transmitted any information which is related in any way to your claim, your injuries and/or your damages. For each such service identified, please include the name and address of the service provider, the name and address of the account holder, your user name or avatar, and the dates during which you used the service.

**ANSWER:**

25. Please list all steps which have been taken to identify and preserve any electronically-stored information (e.g. such as Documents stored on any type of computer, text/instant messages, magnetic storage, solid state device, remote/cloud storage—including all social media and other information stored on the internet or accessible from websites, etc.) in connection with the incident or the injuries resulting from the incident.

**ANSWER:**

26. Do you use a fitness tracking device such as a Fitbit, Garmin Vivofit, Microsoft Band, Striiv Fusion, Jawbone UP, Misfit Shine, Nike+, Apple Watch, Polar, Bowflex Boost, BodyMedia Fit Link, Withings Pulse or similar hardware device, or do you use fitness tracking software on your mobile phone or computer which tracks, for example, the number of steps you take and/or the types of activity you engage in (such as Endomondo, MapMyFitness, My Fitness Pal, Runkeeper, Strava, etc.)? If so, please identify the type of device/software you use, the username for any account associated with the device/software, and indicate the date(s) you begin using the device/software.

**ANSWER:**

27. List your current cell phone number and cell phone carrier, as well as any cell phone numbers and their responding carriers that you used on January 17, 2020.

**ANSWER:**

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. All documents you relied upon in answering the Interrogatories.

**RESPONSE:**

2. All documents upon which you rely to support the value of the damages which you claim to be related in any way to the incident.

**RESPONSE:**

3. All documents, including but not limited to, bills, invoices, bids, estimates, evaluations, or correspondence which pertain, refer, or relate in any way to your alleged loss.

**RESPONSE:**

4. All documents not previously referred to in these Requests for Production of Documents which pertain, refer, or relate to your claim for damages.

**RESPONSE:**

5. All photographs, slides, videotapes, audiotapes, motion picture films, drawings or illustrations that depict, illustrate, or describe in any way your damages, or that pertain, refer, or relate in any way to any of the allegations in the Complaint.

**RESPONSE:**

6. All documents, exhibits, demonstrative exhibits, or photographs that you intend to introduce at trial on the merits or use for any other purpose at trial, including but not limited to refreshing of the recollection of any witness or the impeaching of any witness.

**RESPONSE:**

7. All documents, including but not limited to, invoices, correspondence, subrogation receipts, proofs of loss, trust agreements, liens, contracts, or med pay documentation, that pertain, refer, or relate in any way to any collateral benefits that you have received or may be entitled to receive from any insurer, other company, person, or governmental entity.

**RESPONSE:**

8. Please specifically list, including author, date, and subject matter, all writings which you are not producing pursuant to this Request for Production of Documents on grounds of privilege or work product.

**RESPONSE:**

9. Please produce a full copy of any social networking profile referenced in response to Interrogatory No. 23 in either paper or electronic format, including but not limited to, your photographs, wall post status updates, friends list, messages, notes, videos in any format, and any and all other aspects or links of your profiles. To download a copy of you Facebook information, go to "account settings." At the bottom of the hyperlink, you can click to download your Facebook information. The download link will be sent to the email address associated with the Facebook account, you can download the profiles as a .zip file. If providing any social media information in electronic format, please produce a copy of the complete .zip file.

**RESPONSE:**

10. Please provide a full set of cellular phone records including incoming and outgoing calls, voicemails and text messages, for each phone number listed in response to Interrogatory No. 27 above.

**RESPONSE:**

11. All documents, including but not limited to, medical and hospital records, which pertain, refer, or relate in any way to each hospital in which Plaintiff was confined as an inpatient or treated as an outpatient for any complaint or condition which Plaintiff claims to be related in any way to the incident which is the subject of the Complaint.

**RESPONSE:**

12. All documents, including but not limited to, bills or correspondence which pertain, refer, or relate in any way to Plaintiff's medical expenses related in any way to the incident which is the subject of the Complaint. In terms of medical bills, please provide bills that describe the total amount of medical bills **and** the amount accepted as full payment.

**RESPONSE:**

13. All documents not previously referred to in this Request for Production of Documents which pertain, refer, or relate to Plaintiff's claim for damages.

**RESPONSE:**

14. All documents, including but not limited to, reports, notes, field sketches, diagrams, correspondence, or photographs that pertain, refer, or relate in any way to any expert that Plaintiff has identified.

**RESPONSE:**

15. All photographs, slides, videotapes, audiotapes, motion picture films, drawings or illustrations that depict, illustrate, or describe in any way Plaintiff's injuries, the incident scene, or the physical objects involved in the incident, or that pertain, refer, or relate in any way to any of the allegations in the Complaint.

**RESPONSE:**

16. For each social network account you have (i.e., Ask.fm, Blogspot, BuzzFeed, CafeMom, Class mates, DeviantArt, Facebook, Flickr, Foursquare, Google +, Habbo, Instagram, LinkedIn, LiveJournal, Meet Me, Meetup, MyLife, MySpace, MyYearbook, Periscope, Pinterest, Quora, Reddit, Reunion, Snapchat, Tagged, Tumblr, Twitter, Vine, VK, Windows Live Spaces, YouTube, etc.), please produce a copy of each page and each photograph that includes your image for the period beginning two years before the subject incident up to (and including) the present.

**RESPONSE:**

17. Please produce an electronic, native copy of the information available on each page of your Facebook account (if you maintain one) for the period of time beginning one year before the incident up to (and including) the present. To do this, log in to Facebook, click on the down arrow symbol at the top right of your home page and select "Settings;" then, click "Download a copy of your Facebook data" which appears just below your General Account Settings; finally, click "Start My Archive." Facebook will notify you via email when you page is available for download. Please produce a copy of the file Facebook makes available, subject to the limitations of the period of time beginning one year before the incident up to (and including) the date that Facebook generates the file.

**RESPONSE:**

18. Please produce a printout of any data collected by a fitness tracking device such as a Fitbit, Garmin Vivofit, Microsoft Band, Striiv Fusion, Jawbone UP, Misfit Shine, Nike+, Polar, Bowflex Boost, BodyMedia Fit Link, Withings Pulse or similar hardware device, or fitness tracking software on your mobile phone or computer which tracks, for example, the number of steps you take and/or the types of activity you engage in (such as Endomondo, MapMyFitness, My Fitness Pal, Runkeeper, Strava, etc.).

**RESPONSE:**

19. Please produce a copy of any receipts in your possession relating to anything you purchased, or anyone purchased for you, on January 17, 2020.

**RESPONSE:**

20. Please produce a copy of all documents which are in any way related to your stay at the subject premises on or about the date of the incident.

**RESPONSE:**

21. Please produce a copy of all text-messages, instant messages, e-mails, or any other electronic messages, you sent or received, which in any way relate to your claim, your injuries and/or your damages.

**RESPONSE:**

22. Please produce any and all applications, forms, reports, physician certifications, or other documents in any way associated with any request for approval of a handicapped parking license plate and/or placard.

**RESPONSE:**

23. Please produce any and all documents associated with any application(s) for disability benefits.

**RESPONSE:**

24. Please produce an executed copy of the enclosed medical authorization.

**RESPONSE:**

25. Please produce an executed copy of the enclosed employment authorization.

**RESPONSE:**

Respectfully submitted,

*/s/ Craig M. Schneider*

Craig M. Schneider (92345)
Judd R. Uhl (89578)
LEWIS BRISBOIS BISGAARD & SMITH LLP
2333 Alexandria Drive
Lexington, Kentucky 40504
craig.schneider@lewisbrisbois.com
judd.uhl@lewisbrisbois.com
(859) 663-9830 / (859) 663-9829 (Fax)
*Counsel for Defendants Extended Stay America, Inc., BRE/Homestead Portfolio, LLC, ESH/Homestead Portfolio, LLC, and ESA P Portfolio, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served via electronic mail on this 3rd day of February, 2021 to the following:

Joseph T. Pepper
PEPPER LAW OFFICE
4965 U.S. Highway 42, Suite 1000
Louisville, Kentucky 40222
joe@4pepper.com
*Counsel for Plaintiff*

*/s/ Craig M. Schneider*
Craig M. Schneider