UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DEBORAH OLDSON                                                                    PLAINTIFF

v.                                                                       NO. 3:21-CV-370-CRS

EXTENDED STAY AMERICA, INC., et al.                                              DEFENDANTS

### MEMORANDUM OPINION

This matter is before the Court on motion of Plaintiff Deborah Oldson to remand the action to the Jefferson County, Kentucky, Circuit Court (DN 6). Defendants Extended Stay America, Inc., *et al.*(collectively, "ESA"), have objected, urging that removal of the action to this Court under our diversity jurisdiction, 28 U.S.C. § 1332, was proper (DN 7). Plaintiff has replied (DN 8). The motion is now ripe for decision.

The matter was originally filed in the Jefferson County, Kentucky, Circuit Court and was removed to this court on June 8, 2021 under our diversity jurisdiction, 28 U.S.C. § 1332. Oldson has moved for remand of the action but does not contend that diversity is lacking. Rather she argues that removal was untimely and that ESA waived its right to remove because it engaged in "extensive discovery" prior to removal. DN 6, p. 4. We will address these arguments *seriatim*.

The statute governing removal of civil actions states that

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Removal from the state court must be accomplished within thirty days after receipt of the initial pleading, or

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3). Further,

> If removal of a civil action is sought on the basis of jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy…

> If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as "other paper" under subsection (b)(3).

28 U.S.C. §§ 1446(c)(2) and (c)(3)(A).

The parties agree that the Complaint filed in the Jefferson Circuit Court did not specify an amount in controversy. It stated only that "the above-described damages are in excess of the minimum amount necessary to invoke the jurisdiction of this Court, exclusive of interest and costs" (DN 1-1, PageID #12) in accordance with Ky.Civ.R. 8.01. A minimum amount in controversy of $5,000.00 is required to establish jurisdiction in the Kentucky Circuit Court. Thus the case stated by the initial pleading did not evidence diversity jurisdiction in this Court.

In an effort to ascertain an amount in controversy, ESA served requests for admissions on Oldson, including a request that plaintiff "admit the amounts sought as total damages herein exceed the sum of $75,000.00, exclusive of costs and interests." DN 1-6, PageID #52. There is no dispute that Oldson did not respond to the request for admission within thirty days.

Additionally, the parties agree that a matter is deemed admitted under Ky.Civ.R. 36.01(2) after thirty days if a party fails to respond. Further, Ky.Civ.R. 36.02 states that "Any matter admitted under Rule 36 is conclusively established unless the court on motion permits withdrawal or amendment of the admission."

What the parties dispute herein is the effect, if any, of Oldson's silence concerning the threshold jurisdictional sum on ESA's thirty-day period in which to remove the action. Oldson seeks remand because she contends that the thirty-day clock began to run once her silence deemed the jurisdictional amount for removal admitted by operation of the Kentucky civil rule. She asserts that ESA's removal was untimely as it could ascertain that the case was removable from the deemed admission and it was therefore required to remove the case within 30 days of that date in accordance with § 1446(b)(3). Oldson calculates that her response to the request for admission was due by March 9, 2021[1] and therefore ESA was required to respond by April 8, 2021.

ESA did not remove immediately after Oldson's failure to timely respond. Instead, ESA sent an email alerting Oldson that a response was overdue and asked whether additional time was needed. Oldson did not respond to the email.[2] A few days later on April 1, 2021, ESA filed a motion with the state court to "deem matters admitted." DN 1-6, PageID #49-67. Again Oldson did not respond or attend the hearing on the motion. On May 10, 2021, the court entered an Order granting ESA's motion and ordering that "Defendants' Requests for Admissions to Plaintiffs are deemed admitted pursuant to CR 36.01(2)." DN 1-7, PageID #69. ESA filed its Notice of Removal June 8, 2021. DN 1, within thirty days of receipt of the Order. This removal was three months after the amount in controversy was deemed admitted by operation of Rule

---

[1] ESA's motion to deem matters admitted states that responses were due on or before March 5, 2021. This three-day discrepancy does not affect the outcome of the present motion.
[2] None of these facts are in dispute.

3

36.01(2). The Notice was filed over two months after ESA filed its Motion to Deem Matters Admitted in which it cited Rule 36.01 and placed in the state court record a copy of the request for admissions and email correspondence with Oldson documenting her failure to timely respond.

Oldson contends that the court order deeming ESA's requests for admissions admitted was nothing more than a restatement of what ESA already knew, as evidenced by their expressed understanding, in seeking the court order, of the implications of Oldson's silence. Oldson argues that ESA sought the admission to discover the amount in controversy and filed a motion citing the rule that deemed the jurisdictional amount admitted on a date certain. ESA cannot be permitted to arbitrarily extend the thirty-day removal period by seeking the court's confirmation of that fact.

ESA contends that the language of the removal statute requires that it receive a writing to satisfy the "other paper" requirement of § 1446(b)(3) and trigger the running of the thirty-day period for removal. ESA contends that Oldson's silence may not stand in place of a writing. It contends that the first time there was a "writing" upon which it could rely for the information was when the state court entered the order stating that the requests for admissions were deemed admitted. In fact, very limited authority exists on this point and the United States Court of Appeals for the Sixth Circuit has yet to address it.

ESA cites to *JHohman, LLC v. United Security Assoc.*, 513 F.Supp.2d 913 (E.D.Mich. 2007) in which the district court granted a motion to remand, ruling that "[a]lthough the Court is reluctant to create an incentive for a plaintiff to disregard the deadline for responding to requests for admissions, the brute fact remains that the missed deadline does not manifest itself in an sort

4

of 'paper,' the 'receipt' of which would enable a defendant to 'first…ascertain' that a case 'is or has become removable.' 28 U.S.C. § 1446(b)." *Id.* at 919.

Oldson contends that the *JHohman* case fails to account for § 1446(c)(3)(A) which states that

> If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as "other paper" under subsection (b)(3).

We agree and find that because the court was not asked to consider § 1446(C)(3), the *JHohman* case is distinguishable.

The court noted in *JHohman* that

> Plaintiff's inaction had a legal effect under Michigan law-namely, the matters addressed in Defendants' requests were deemed admitted- Defendants still cannot point to any "paper" that reflects these admissions. Yet, Defendants have not suggested any basis for this Court to either dispense with the statutory requirement of a "paper" or conclude that something in the record satisfies this requirement.

513 F.Supp. 2d at 918. Thus, the court was not asked to consider whether a deemed admission of the jurisdictional amount in controversy could satisfy § 1446(c)(3) and thus constitute "other paper" for purposes of identifying the appropriate removal period. Nor did the defendant identify anything in the record to satisfy the requirement.

Section 1446(c)(3) provides that information in the record relating to the amount in controversy shall be treated as "other paper" under (b)(3). There is no other language qualifying this directive. We conclude, therefore, that information placed in the state record by the defendant also qualifies as "other paper." As such, the defendant received the information concerning the amount in controversy when the fact was deemed admitted. It cautiously

5

ascertained that the admission was not a mistake,[3] then filed its requests for admissions along with the correspondence in the state court record. Clearly, at this point, information relating to the amount in controversy was in the state court record. We would note that the motion to deem matters admitted to which these documents were appended was, in our view, unnecessary and yielded no greater certainty than already existed as to the amount in controversy once the time for responding to the requests for admissions had expired. Ky.Civ.R. 36.01(3) contemplates that a motion may be filed to determine the sufficiency of objections or answers and 36.02 contemplates a motion to permit withdrawal or amendment of an admission. Neither of these subsections applies to the motion filed by ESA. While the conclusivity of an admission may be addressed for other purposes, we find that for purposes of application of the federal removal statute, the amount in controversy is conclusively established by the failure of a plaintiff to respond to a request for admission in the time prescribed by the Kentucky rule.

The case of *Broderick v. Dellasandro*, 859 F.Supp. 176 (E.D.Pa. 1994) has been cited as persuasive authority recently in the Eastern and Western Districts of Kentucky[4] for the proposition that § 1446 "is clear that the time for removal begins to run when the defendant receives the requisite written notice of facts which make the case removable. The statutory requirement of a writing reduces disputes over knowledge of diversity or the amount in controversy and helps avoid later battles of credibility between opposing parties and lawyers." *Id*. at 178. However, none of these cases involved an admission of an amount in controversy which was deemed admitted and conclusively established by operation of a court rule. Here, there is none of the concern for battles of credibility or disputes over knowledge. The vehicle by

---

[3] A step not required.

[4] *See, Joseph Daniel Hall & Mago Construction Company, LLC v. Taylor*, No. 3:16-cv-84-GFVT, 2017 WL 66341 (E.D.Ky. Jan. 6, 2017); *Arrington, DVM v. Nationwide Mutual Fire Ins. Co*., No. 3:14-cv-322-DJH, 2015 WL 852056 (W.D.Ky. Feb. 26, 2015); and *Nagarajan v. Ostruska*, No. 5:12-CV-00091-TBR, 2012 WL 5077691 (W.D.Ky. Oct. 18, 2012).

which the information was sought, a request for admission, established a date certain upon which defendant first attained information that the case was removable.

Section 1446(c)(3)(A) expands "other paper" delineated in § 1446(b)(3) to include "information" which may not be in written form. Oldson cites *Huffman v. Saul Holdings, LP*, 194 F.3d 1072 (10th Cir. 1999), a case in which the court found that deposition testimony, not a later-produced transcript of that testimony, constituted "other paper" for purposes of § 1446(b)(3). The court noted that a majority of federal district courts have not required an actual written document in such an instance but instead have held that a discovery deposition, taken under state rules of procedure, qualifies as "other paper" under § 1446(b). *Id*. at 1078.

Additionally, we note that in *Miller v. Malik*, No. 11-74-ART, 2011 WL 2968428 (E.D.Ky. Jul. 20, 2011) the district court concluded, albeit without discussion, that a failure of a timely response to a request for admission conclusively established the requisite amount in controversy for removal. The Court cited to a number of cases from other jurisdictions that reached the same result.[5]

We find that § 1446(c)(3)(A) works in tandem with (b)(3). The intent of the statute is to "mak[e] sure that a defendant has an opportunity to assert the congressionally bestowed right to remove upon being given notice in the course of the case that the right exists." 14C Charles Alan Wright, et al., *Federal Practice and Procedure* § 3732 at 306 (3d ed. 1998). In *Huffman*, the court indicated that for the removal period to run, the notice of removability should be unequivocal and "should not be one which may have a double design." 194 F.3d at 1078, quoting *DeBry v. Transamerica Corp.*, 601 F.2d 480, 489 (10th Cir. 1979). We have no equivocation here as the operation of the rule yields the result and the defendant can take that to

---

[5] *Collins v. Landau*, No. 3:10cv588, 2010 WL 5069907, at *3 (D.Conn. Dec. 3, 2010); *Lilly v. Ford Motor Co.*, No. 00C 7372, 2001 WL 456406, at *1 (N.D. Ill. Apr. 30, 2001); *Lee v. Altamil Corp.*, 457 F.Supp. 979, 980-81 (M.D.Fla. 1978); *Bonnell v. Seaboard Air Line R.R. Co.*, 202 F.Supp. 53, 55 (N.D.Fla. 1962).

the bank, so to speak. We find that the converse would not be true. Were we to hold that something more than the legal effect of the court rule was required to further solidify the information that the case is one that is or has become removable, we would find ourselves on shifting sands. As here, an admission by court rule would then fail to conclusively establish the amount in controversy, despite the rule saying as much and despite the defendant agreeing that the rule establishes as much, and would allow the defendant to create its own removal period by choosing when to seek the court's confirmation that the admission was truly an admission.

We conclude that the "receipt" of "other paper" requirement of § 1446(b)(3) is met by the "information relating to the amount in controversy…in responses to discovery" on the date ESA's request for admission of the amount was deemed admitted under Ky.Civ.R. 36.01. Additionally, we conclude that "information relating to the amount in controversy in the record of the State proceeding" also met the requirements of § 1446(b)(3) on the date the defendant filed the information with the state court. Either way, removal by ESA was untimely and the matter must be remanded to the Jefferson County, Kentucky, Circuit Court.

Oldson also argued that the matter should be remanded because ESA waived its right to remove by "defending the case in state court" and engaging in "extensive discovery." DN 6, pp. 3-4. She appears to have abandoned that argument, however, as she has failed to respond to the authority cited by ESA that such early defensive actions taken before it was apparent to ESA that the case was removable do not result in waiver[6], waiver of the right to remove must be clear and unequivocal[7] and waiver will not occur by defensive action in the state court, short of proceeding to an adjudication on the merits.[8] We find ESA's authorities to be on point and conclude that

---

[6] *Whaley v. City of Burgin*, No. 5:16-cv-25-KKC, 2016 WL 3962938 (E.D.Ky. Jul. 21, 2016).
[7] *Regis Assoc. v. Rank Hotels (Management) Ltd.*, 894 F.2d 193 (6th Cir. 1990).
[8] *Bedell v. H.R.C., Ltd.*, 522 F.Supp. 732 (E.D.Ky. 1981).

8

there is a complete lack of evidence that ESA waived its right to remove the case to federal court.

For the reasons stated herein, this matter will be remanded to the Jefferson County, Kentucky, Circuit Court by separate order.

January 25, 2022

Charles R. Simpson III, Senior Judge
United States District Court